UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank N.A., as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1, | : : : : : : : : | CIVIL ACTION NO. 1:10-1601 (CONNER, D.J.) (MANNION, M.J.) |
| Plaintiff | : | |
| v. | : | |
| ANDRE L. VAUGHN and MONIQUE N. VAUGHN, | : : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court is the plaintiff's unopposed motion for remand. (Doc. No. 3). Based upon the court's review of the motion and related materials, it is recommended that the plaintiff's motion be granted.

By way of relevant background, the plaintiff brought a mortgage foreclosure action against the defendants by filing a complaint in the York County Court of Common Pleas on February 2, 2010, which was docketed to 2010-SU-000516-06. (Doc. No. 3, Ex. A). The action was based upon breach of the mortgage contract under Pa.R.C.P. §§1141, et seq. Service of the

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

complaint was made on the defendants on February 5, 2010. (Doc. No. 3, Ex. B).

A motion to dismiss, counterclaim, and subpoena dueces tecum was filed by the defendants on February 19, 2010. (Doc. No. 3, Ex. C).The plaintiff filed a motion to strike the defendants' motion on February 25, 2010. The defendants failed to appear at a hearing scheduled on the plaintiff's motion to strike. The plaintiff's motion to strike was denied, however, and the defendants' motion to strike, counterclaim and subpoena dueces tecum was deemed to be preliminary objections to the plaintiff's complaint in mortgage foreclosure. (Doc. No. 3, Ex. D).

On March 24, 2010, the plaintiff filed a response to the preliminary objections. (Doc. No. 3, Ex. E). The defendants filed an answer to the plaintiff's response on April 1, 2010. (Doc. No. 3, Ex. F).

By memorandum and order dated May 27, 2010, the defendants' preliminary objections were overruled. (Doc. No. 3, Ex. G).

On August 2, 2010, the defendants filed a notice removing the instant action to this court. The plaintiff filed the instant motion for remand on August 31, 2010, (Doc. No. 3), along with a supporting brief, (Doc. No. 4). As of the date of this report, the defendants have failed to respond to the plaintiff's motion for remand. Pursuant to L.R. 7.6, the plaintiff's motion is deemed unopposed. Because the defendants are *pro se*, the court will give the plaintiff's motion for remand a merits review.

The sole argument raised by the plaintiff in its motion for remand is that the defendants' notice of removal is untimely under the removal statute. (Doc. No. 4). Under the removal statute, a party sued in state court who wishes to remove the action to federal district court has "thirty days after the receipt . . ., through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. §1446(b). "The thirty-day limitation is mandatory and the court is without discretion to expand it." DiLoreto v. Costigan, 2008 WL 4072813 (E.D.Pa. 2008)(citing Collins v. Am. Red Cross, 724 F.Supp. 353, 359 (E.D.Pa.1989)). Moreover, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Id. (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990)).

The record before the court establishes that the plaintiff's complaint was filed in the York County Court of Common Pleas on February 1, 2010, and personally served upon the defendants on February 5, 2010. (Doc. No. 3, Exs. A, B). The defendants did not attempt to remove the instant action until August 2, 2010, well outside of the thirty day removal period.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's motion for remand, **(Doc. No. 3)**, be **GRANTED**; and

**(2)** the instant action be remanded to the York County Court of Common Pleas.

          *s/ Malachy E. Mannion*
          **MALACHY E. MANNION**
          **United States Magistrate Judge**

**Date:** October 29, 2010

O:\shared\REPORTS\2010 Reports\10-1601-01.wpd